# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7195 | **DATE** | 3/6/2012 |
| **CASE TITLE** | Evans vs. Rednour | | |

**DOCKET ENTRY TEXT**

Rednour's motion to dismiss Evans' petition for a writ of habeas corpus as untimely filed is granted and Evans' petition is dismissed.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Petitioner Jermaine Evans ("Evans"), filed this petition for a writ of habeas corpus under 28 U.S.C. §2254, seeking to vacate his sentence of 55 years for first degree murder plus an enhanced sentence of 45 years for personally discharging a firearm. Respondent Warden David Rednour ("Rednour") moves to dismiss the petition as time-barred pursuant to 28 U.S.C. §2244(d). For the reasons set forth below, Rednour's motion to dismiss is granted and Evans' petition is dismissed.

    On May 16, 2005, Evans was convicted in Cook County, Illinois, of first degree murder and personally discharging the firearm that caused the death of Larry Simmons in an altercation that took place on April 11, 2002. *See* Cook County Criminal Court No. 02 CR 12027. The Illinois Appellate Court upheld the conviction and sentence on direct appeal on May 24, 2007. *See People v. Evans*, 373 Ill. App. 3d 948 (1st Dist. 2007). Evans then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on September 26, 2007. *See People v. Evans*, 225 Ill. 2d 648 (2007). Evans did not file a writ of certiorari in the United States Supreme Court; therefore, the criminal judgment and conviction became final on December 26, 1997, which is ninety days after judgment and the date on which his time for filing a petition for certiorari expired. *See Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002).

    Pursuant to 28 U.S.C. §2244(d), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The one-year period runs from the latest of one of four dates: (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (B) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed; (C) the date on which a new constitutional right was recognized by the Supreme Court, if that new right was made retroactively applicable to cases on collateral review; or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

**STATEMENT**

§2244(d)(1)(A)-(D). In this case, § 2244(d)(1)(A) applies.

Evans' statute of limitations period began to run on December 26, 2007, the date on which his judgment became final due to the expiration of time–ninety days after entry of the judgment–for seeking direct review. 28 U.S.C. §2244(d)(1)(A). On June 19, 2008, Evans properly filed an application for post-conviction relief. Between the entry of final judgment on Dec. 26, 2007, and the filing of his post-conviction petition, 174 days passed counting against Evans' limitations deadline. The time during which a properly-filed application for post-conviction review is pending is not counted when calculating any period of limitation. 28 U.S.C. § 2244(d)(2). Therefore, Evans' limitation period was tolled pending the judgment on his application as filed on June 19, 2008. That judgment came on January 26, 2011, when his petition for post-conviction relief was denied. From this date, his limitations clock continued to run.
Evans asserts that he submitted his habeas application into the institutional mail at Menard Correctional Center on Sept. 27, 2011, so the Court finds that this is the earliest possible filing date that can be attributed to Evans' writ of habeas corpus. Between January 26, 2011–when Evans' petition for post-conviction relief was denied– and Sept. 27, 2011–when his habeas writ was filed–another 243 days accrued on Evans' limitation clock. When 243 days are added to the 174 days that had accrued earlier, a total of 417 days passed from the filing of the writ of habeas corpus and the date on which his initial judgment became final. Thus, the one-year statute of limitations period had elapsed prior to Evans' proper filing of his petition for a writ of habeas corpus, and consequently it is untimely.

Notwithstanding Evans' failure to timely file this petition pursuant to the requirements of § 2244(d), the Court considers whether the doctrine of equitable tolling applies in this case. The limitations period may be tolled if the petitioner can establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance far beyond his control stood in the way of timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 419 n. 8 (2005). While equitable tolling may apply under § 2244, the principle is only applied in exceptional circumstances. *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). Evans made no allegations whatsoever regarding the existence of extraordinary circumstances in his petition, nor did he file a response to Rednour's motion to dismiss in which he may have raised arguments for equitable tolling. Consequently, Evans has presented no reason for this Court to apply equitable tolling. *See also Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) ("Equitable tolling is rarely granted. Indeed, we have yet to identify a petitioner whose circumstances warrant it.") (citations omitted). As the doctrine of equitable tolling does not apply, Rednour's motion to dismiss Evans' petition for a writ of habeas corpus as untimely filed is granted and Evans' petition is dismissed.